THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Sheep Island
 Plantation, LLC, Appellant,
 v.
 Bar-Pen
 Investments, LLC, Respondent.
 
 
 

Appeal From Berkeley County
Thomas L. Hughston, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2010-UP-382
Submitted June 1, 2010  Filed August 4,
 2010    
REVERSED AND REMANDED

 
 
 
 Stephen V. Futeral and Thomas C. Nelson, of Mt. Pleasant, for
 Appellant.
 Charles S. Altman and William L. Howard, Sr., of Charleston, for
 Respondent.
 
 
 

PER CURIAM: This
 case is decided pursuant to Rule 220(b), SCACR.  Sheep Island Plantation, LLC
 contends that the trial court erred in granting a directed verdict on Sheep
 Island's breach of contract claim against Bar-Pen Investments, LLC.  We reverse
 and remand. 
Bar-Pen argues that this appeal should be dismissed because Sheep
 Island's Rule 59 motion was untimely.  The trial court granted a directed
 verdict on March 13, 2008, but the clerk of court did not send Sheep Island
 written notice of the entry of judgment.  Sheep Island filed a Rule 59(e)
 motion on March 31, 2008.  Because Sheep Island never received written notice
 of the entry of judgment, the time for appeal did not begin to run until the
 trial court denied Sheep Island's Rule 59(e) motion on May 8, 2008.  See Rule 59(f), SCRCP ("The time for appeal of all parties shall be stayed by
 a timely motion under [Rule 59] and shall run from the receipt of written
 notice of entry of the order granting or denying such motions.").  Thus,
 Sheep Island timely served notice of its intent to appeal on May 15, 2008.  
After a careful review of the trial transcript and exhibits in the
 light most favorable to Sheep Island, we find some evidence to support Sheep
 Island's breach of contract claim.  In particular, the evidence supports more
 than one inference regarding whether the Paragraph 33 extension clause is
 invoked automatically, or whether notice is required.  Further, evidence exists
 to support an inference that the letter of termination Bar-Pen sent to Sheep
 Island on July 31, 2006, constitutes a repudiation.  In light of this evidence,
 the trial court should have denied Bar-Pen's motion for directed verdict.  See Sabb v. S.C. State Univ., 350 S.C. 416, 427, 567 S.E.2d 231, 236 (2002)
 (holding that a trial court must deny a directed verdict motion "when the evidence yields more than one
 inference or its inference is in doubt."). 
 

REVERSED AND REMANDED.
FEW,
 C.J., THOMAS and PIEPER, JJ., concur.